

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 2674 | DATE | August 12, 2003 |
| CASE TITLE | Janet Rubel v Pfizer, Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

Memorandum opinion and order entered. Accordingly, plaintiff's motion to remand the instant case to the Circuit Court of Cook County, Ill. is granted. Status hearing date of 9/3/03 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | AUG 19 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 20 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | 03 AUG 18 PH 12:29 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANET RUBEL, individually and on behalf of all persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PFIZER INC. and PARKE-DAVIS, a division of Warner-Lambert Company, <br><br> Defendants. | No. 03 C 2674 <br><br> Judge Robert W. Gettleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed a putative class action complaint on March 12, 2003, in the Circuit Court of Cook County, Illinois, seeking damages, injunctive relief, and attorneys' fees under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq., arising from defendants' alleged marketing of the epilepsy drug Neurontin for "off-label" uses. On April 4, 2003, without leave of court and before defendants had filed any appearance, plaintiff filed an amended complaint which omitted her prayer for injunctive relief. Defendants were not served with the amended complaint until April 23, 2003, however, two days after they had already removed the instant action to this court on the basis of plaintiff's original complaint.

On May 21, 2003, plaintiff moved to remand the instant case to state court, contending that "any grounds for removal which may have been present in the original Complaint are no longer before this court" because plaintiff's original complaint was superseded by her amended complaint, which plaintiff contends does not permit either diversity or federal subject matter jurisdiction. For the reasons stated herein, the court concludes that the operative complaint for

20

purposes of removal is plaintiff's original complaint, which did not provide a basis for either diversity or federal question jurisdiction.

## DISCUSSION

The propriety of removal is determined on the basis of plaintiff's pleading as it existed at the time of removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S.Ct. 347 (1939); Shannon v. Shannon, 965 F.2d 542, 545 (7th Cir. 1992); Momans v. St. John's Northwestern Military Academy, Inc., No. 99 C 8510, 2000 WL 33976543, at *2 (N.D.Ill. April 20, 2000). The threshold task in evaluating plaintiff's motion to remand, then, is to determine which complaint controlled at the time defendants removed the instant case. Defendants maintain that the original complaint is not superseded by the amended complaint because, (1) plaintiff did not obtain leave of court to file her amended complaint "in violation of state procedural requirements," and (2) defendants were not properly served with the amended complaint prior to removal. Because the court concludes that the issue of seeking leave to amend is dispositive, the court need not reach defendants' arguments regarding service.

The court agrees with defendants that, under 735 ILCS 5/2-616(a), plaintiff was required to obtain leave of court before filing her amended complaint. Section 2-616(a) provides:

> At any time before final judgment amendments <u>may be allowed</u> on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, dismissing any party, changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross claim. [Emphasis added.]

The rules governing Illinois civil practice do not appear to contemplate an amendment as a matter of course prior to a responsive pleading. Compare Fed. R. Civ. P. 15(a) ("A party may

2

amend the party's pleading once as a matter of course at any time before a responsible pleading is served...").

That a party may waive an objection to his opponent's failure to seek leave to amend is of no consequence. See Ragan v. Columbia Mutual Ins. Co., 183 Ill. 2d 342, 355 (1998) (finding that "failure to obtain leave to amend a complaint is not a jurisdictional defect and that a party may waive its right to object to the defect"). The question before the court is not whether failure to obtain leave under Section 2-616(a) is jurisdictional and thus not waivable on appeal, but rather whether Section 2-616(a) directs parties to seek leave of court before amending their pleadings.

Plaintiff directs the court's attention to Fischer v. Senior Living Properties, L.L.C., 329 Ill. App. 3d 551 (Ill. App. 4th Dist. 2002), for the proposition that Section 2-616(a) is "directory" rather than "mandatory." This distinction, however, does not alter the court's conclusion. In Fischer, the plaintiff's attorney sought leave to amend his complaint, but the judge failed to timely sign the order granting leave to amend. In declining to invalidate the filing of the amended complaint, the appellate court characterized the failure to obtain the judge's signature as a "minor technicality" and "directory," and further noted that the plaintiff had "substantially complied" with Section 2-616(a). Id. at 513. In the instant case, in contrast, plaintiff is not in substantial compliance with Section 2-616(a) because she never sought leave to file her amended complaint. Thus, the court concludes that plaintiff's amended complaint does not supersede the original complaint, and the original complaint is the operative complaint for purposes of defendants' removal petition.

Defendants argue that the original complaint was removable on the basis of both federal

3

question and diversity jurisdiction. Looking to the original complaint, the court concludes that, (1) the original complaint did not support federal question jurisdiction, and (2) given the lack of an ad damnum clause in the original complaint, defendants' failure to comply with Local Rule 81.2 of the Northern District of Illinois merits a remand of the instant case to state court.

As a starting point, the court notes that the burden of establishing federal jurisdiction falls on the party seeking removal. Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993), citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 42 S.Ct. 35 (1921). Further, any doubt regarding jurisdiction should be resolved in favor of state courts. Allied-Signal, Inc., 985 F.2d at 911, citing Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th Cir. 1976).

28 U.S.C. § 1331, which governs federal question jurisdiction, provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Defendants, in support of their assertion of federal question jurisdiction, direct the court's attention to numerous references throughout the original complaint to federal statutes and regulations governing Medicare, Medicaid and the Food and Drug Administration (FDA), as well as allegations that defendants acted in contravention of those federal laws. Notwithstanding those references, however, plaintiff deliberately fashioned her original one-count complaint to seek relief exclusively under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq.[1] The question is thus whether plaintiff's myriad references to federal law create federal question jurisdiction in the instant case.

---

[1]For example, in paragraph 86 of her complaint, plaintiff references 42 U.S.C. § 1320a-7 and 42 C.F.R. § 1001, which prohibit kickbacks to physicians and medical care providers under Medicare and Medicaid, but specifically notes that "[n]o federal claim for relief is being made under [those] or other federal statutes."

4

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987). Accordingly, the plaintiff is the master of her own pleading and can avoid federal jurisdiction by exclusive reliance on state law. Id.

In Beneficial Nat'l Bank v. Anderson, ___ U.S. ___, 123 S.Ct. 2058, 2063 (2003), the Supreme Court stated that "a state claim may be removed to federal court in only two circumstances - when Congress explicitly so provides... or when a federal statute wholly displaces the state-law cause of action through complete preemption." Rather than arguing that there is either an explicit Congressional directive to remove plaintiff's state law claim or complete preemption in the instant case, defendants try to distinguish Anderson by noting that the complaint in Anderson did not refer to federal law. Defendants' argument is unavailing, however, in light of Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 106 S.Ct. 3229 (1986).

In Merrell Dow, the plaintiffs alleged that defendants' failure to disclose risks associated with a drug manufactured by the defendants constituted "misbranding" under the Food, Drug and Cosmetic Act (FDCA), 21 U.S.C. §§ 301 et seq., that created a rebuttable presumption of negligence under state law. Id. at 805-806. In other words, plaintiffs' complaint pled the violation of a federal statute as an element of a state law cause of action. Id. at 813. Notwithstanding the unambiguous presence of a federal issue in that case, the Merrell Dow court concluded that federal question jurisdiction was not present. According to the court, "[A]

5

complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" Id. at 817 (citations omitted).

In Seinfeld v. Austen, 39 F.3d 761, 764 (7th Cir. 1987), the Seventh Circuit concluded that, under Merrell Dow, "if federal law does not provide a private right of action, then a state law action based on its violation perforce does not raise a 'substantial federal question.'" (Internal quotations and citations omitted.) Defendants do not dispute that the FDCA does not contain private enforcement provisions that would encompass plaintiff's claim. See Merrell Dow. 478 U.S. at 811; In re Orthopedic Bone Screw Products Liability Litigation, 193 F.3d 781, 788 (3d Cir. 1999) ("It is well settled ... that the FDCA creates no private right of action"); PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1113 (2d Cir.1997); Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1139 (4th Cir. 1993). Following Merrell Dow, therefore, the court concludes that plaintiff's state law claim relating to defendants' alleged marketing of the drug Neurontin for "off-label" uses does not give rise to federal question jurisdiction.²

Defendants' attempt to demonstrate that the court has diversity jurisdiction in the instant case is more persuasive, but flawed. 28 U.S.C. § 1332(a) provides that the district courts shall have original jurisdiction of all civil actions between diverse parties in which the amount in

---

²To the extent that D'Alessio v. New York Stock Exchange, Inc., 258 F.3d 93 (2d Cir. 2001), suggests a contrary result, this court respectfully disagrees. See, e.g., Dawson ex rel. Thompson v. Ciba-Geigy Corp., 145 F. Supp. 2d 565, 570, fn. 9 (D.N.J. 2001) ("[I]f Plaintiffs had claimed a violation of the FDCA as an element of a state law claim, removal would not be proper under [Merrell Dow].") (Citations omitted.)

controversy exceeds $75,000. In the instant case, there is complete diversity of citizenship among the parties: plaintiff is a citizen of Illinois, and both defendants are incorporated in Delaware and reside in New York. With respect to the amount in controversy, defendants "need demonstrate no more than a good faith, minimally reasonable belief that the suit might result in a judgment in excess of [$75,000]." Normand v. Orkin Exterminating Co., Inc., 193 F.3d 908, 910 (7th Cir. 1999).

The original complaint seeks declaratory and injunctive relief, including restitution and disgorgement of illegal profits, as well as damages (including amounts for personal injury and punitive damages). Notwithstanding defendants' argument to the contrary, the Seventh Circuit has implied that aggregate disgorgement of profits shall not count toward the amount in controversy. See Del Vecchio v. Conseco, Inc., 230 F.3d 974, 977-978 (7th Cir. 2000). Further, it is unclear whether plaintiff's prayer for personal injury damages, taken together with the potential for a punitive damages award, can satisfy the amount in controversy.[3] Aside from alleging that "plaintiff and class members were exposed to and many suffered side effects of the drug," the nature of the personal injuries at issue in the instant suit, and the damages suffered therefrom, are not apparent from the face of plaintiff's complaint.

---

[3]Notably, as defendants point out, although the original complaint disclaims (apparently inaccurately) diversity of citizenship, it did not disclaim that plaintiff's recovery in the instant case would not exceed $75,000. In the Seventh Circuit, the absence of such a disclaimer supports the conclusion that the amount in controversy exceeds the statutory minimum. See BEM I, L.L.C. v. Anthropologie, Inc., 301 F.3d 548, 552 (7th Cir. 2002) ("Had [plaintiff] wanted to make sure that its stake was less than $75,000, it should have stipulated to that effect."). But see Local Rule 81.2 of the Northern District of Illinois, infra.

7

Local Rule 81.2 of the Northern District of Illinois ("L.R. 81.2") prescribes the "procedure to be followed in cases where the complaint filed in state court does not, on its face, indicate that the amount in controversy exceeds the jurisdictional amount specified by 28 U.S.C. § 1332(a)." According to L.R. 81.2:

> Where one or more defendants seek to remove an action from an Illinois state court based upon diversity of citizenship, and where the complaint does not contain an express *ad damnum*, as to at least one claim asserted by at least one plaintiff, in an amount exceeding the jurisdictional amount in controversy... the notice of removal shall include in addition to any other matters required by law:
>
>> (1) a statement by each of the defendants previously served in the state court action that it is his, her or its good faith belief that the amount in controversy exceeds the jurisdictional amount; and
>>
>> (2) with respect to at least one plaintiff in the Illinois action, either—
>>
>>> (A) a response by such plaintiff to an interrogatory or interrogatories (see Ill.S.Ct. Rule 213) as to the amount in controversy, either (i) stating that the damages actually sought by that plaintiff exceed the jurisdictional amounts or (ii) declining to agree that the damage award to that plaintiff will in no event exceed the jurisdictional amount; or
>>>
>>> (B) an admission by such plaintiff in response to a request for admissions (*see* Ill.S.Ct. Rule 216(a)), or a showing as to the deemed admission by such plaintiff by reason of plaintiff's failure to serve a timely denial to such a request (*see* Ill.S.Ct. Rule 216(c)), in either event conforming to the statement or declination to agree described in subparagraph (2)(A) of this rule.

L.R. 81.2 further provides that when a defendant does not comply with one of the alternatives described in paragraph (2) above, "the action will be subject to remand to the state court for failure to establish a basis of federal jurisdiction." See, e.g., Murley v. Landmark Pub. Corp., No. 02c50392, 2002 WL 31854979 (N.D.Ill. Dec. 19, 2002) (remanding case to state court for defendant's failure to comply with L.R. 81.2).

8

The record in the instant case indicates that defendants have not complied with either of the alternatives provided in L.R. 81.2(2). Because the original complaint contains only generalized allegations regarding the nature of plaintiff's injuries and does not specify the damages sought by the named plaintiff or any members of the putative class, defendants' failure to obtain an admission or interrogatory response from plaintiff pursuant to L.R. 81.2(2) compels remand to state court. See Allied-Signal, Inc., 985 F.2d at 911 ("[A]ny doubt regarding jurisdiction should be resolved in favor of the states.").

## CONCLUSION

For the reasons stated herein, plaintiff's motion to remand the instant case to the Circuit Court of Cook County, Illinois, is granted.

**ENTER:** **August 12. 2003**

**Robert W. Gettleman**
**United States District Judge**

9